UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DANIEL H. LAWSON, et al., )
 )
        Plaintiffs, )
 )
    v. ) No. 4:09CV250 FRB
 )
DEBOER TRANSPORTATION, INC., )
et al., )
 )
        Defendants. )

**MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiffs' Motion to Remand (filed Feb. 20, 2009/Doc. #13).[1] All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I. Background**

Plaintiffs are the husband and children of decedent Michelle Lawson, who died in May 2008 allegedly as a result of injuries suffered from a motor vehicle accident which occurred in June 2007. The Lawsons are citizens of the State of Missouri. Plaintiff Daniel Lawson, the decedent's spouse, originally brought this action in the Circuit Court of St. Louis County, Missouri, in March 2008, both individually and as next friend and guardian of Michelle Lawson. Named as defendants to the cause were deBoer Transportation, Inc.; Elmer Royce Abshier, Jr.; Dave Sinclair Ford, Inc.; and Ford Motor Company. Of these defendants, Dave Sinclair

---

[1] All parties have filed numerous other motions in this cause. The substance of these motions is not addressed in this memorandum.

Ford is a resident of the State of Missouri.  In the original Petition, plaintiffs alleged that Michelle Lawson was a passenger in a vehicle driven by Daniel Lawson which was allegedly struck by a tractor-trailer driven by defendant Abshier, acting within the scope of his employment with defendant deBoer Transportation. Plaintiffs further alleged that, upon being struck, their vehicle, a Ford F-150 truck, left the highway, rolled over and eventually came to rest on its wheels.  Plaintiffs alleged that they sustained injuries as a result of being struck by the tractor-trailer and the subsequent rollover of the F-150.  Plaintiffs brought claims of negligence against defendants deBoer Transportation and Abshier; claims of strict liability–product defect against defendant Dave Sinclair Ford; and claims of strict liability–product defect and negligence–product defect against defendant Ford Motor Company. Daniel Lawson also brought claims of loss of consortium against all defendants.  Punitive damages were likewise sought against deBoer Transportation, Abshier, and Ford Motor Company.

Subsequent to the filing of the Petition, and specifically on May 2, 2008, Michelle Lawson died.  Thereafter, and with leave of court, an Amended Petition was filed on June 13, 2008.  This Amended Petition reasserted the claims of Daniel Lawson against the named defendants for negligence, product defect and loss of consortium; and recast the original claims of Michelle Lawson as wrongful death claims brought by Daniel Lawson and the children of decedent Michelle Lawson.

On September 28, 2008, the circuit court entered a scheduling order in the case which set the matter for trial on August 31, 2009. The scheduling order also imposed various deadlines by which certain matters were to be completed in the case, including a deadline of January 15, 2009, by which plaintiffs were to designate their retained and non-retained testifying expert witnesses. On January 15, 2009, plaintiffs filed their disclosure, designating the following persons as their expert witnesses in the cause: 1) the decedent's treating physicians and care givers; 2) Rebecca M. Summary, Ph.D, Department of Economics and Finance, regarding economic loss sustained by plaintiffs; 3) Kenneth A. Thompson, Excellence of Safety, regarding driving and safety practices of professional truck drivers and the training and management by deBoer of its truck drivers; 4) Terry Day, Absolute Investigations, regarding the manner in which the collision occurred and the subsequent movement of plaintiffs' vehicle; 5) Norbert T. Belz, M.D., Center for Environmental and Occupational Health, regarding fatigue of commercial drivers and effects on driver performance; and 6) Mariusz Ziewewski, Ph.D, Associate Professor of Mechanical Engineering, regarding the manner in which the collision occurred, the movement of the F-150 as a result of the collision and the manner in which it produced traumatic injuries to the decedent's brain and central nervous system.

On January 26, 2009, plaintiffs dismissed their claims against defendant Ford Motor Company with prejudice, with such

dismissal being approved by the circuit court. As a result, deBoer Transportation, Elmer Abshier, and Dave Sinclair Ford were the only remaining defendants to the cause at that time.

On February 13, 2009, defendants deBoer Transportation and Abshier removed the cause to this Court invoking this Court's diversity jurisdiction. 28 U.S.C. §§ 1332, 1441, 1446(b). With respect to the resident defendant, Dave Sinclair Ford, defendants deBoer Transportation and Abshier contend that a review of plaintiffs' expert disclosure shows them to have fraudulently joined Dave Sinclair Ford as a defendant to the cause. Specifically, deBoer Transportation and Abshier argue that the failure of plaintiffs to name an expert regarding their allegations of product defect against Dave Sinclair Ford demonstrates plaintiffs' apparent lack of objective intent to prosecute the claim inasmuch as, without relevant expert testimony, plaintiffs would be unable to present a *prima facie* product liability case against this resident defendant. For the following reasons, defendants' argument fails and plaintiffs' Motion to Remand should be granted.

## II. Discussion

In a matter removed from state court to federal court, the removing defendants bear the burden of demonstrating that such removal is appropriate. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Where, as here, federal diversity jurisdiction is invoked but the face of the Petition shows complete diversity of

citizenship not to exist, the federal court may nevertheless retain jurisdiction over the cause if defendants can demonstrate that the non-diverse party was fraudulently joined and should be eliminated as a party to the Petition. Filla v. Norfolk County Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Id. at 810 (8th Cir. 2003). (internal quotation marks and citation omitted). "Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." Id. In conducting fraudulent-joinder review, the Court must be guided by reason. Id.; Menz v. New Holland N. Am., Inc., 440 F.3d 1002, 1004 (8th Cir. 2006).

As is relevant to the instant Motion to Remand, plaintiffs allege in their Amended Petition that Dave Sinclair Ford is strictly liable for plaintiffs' injuries inasmuch as, during its regular course of business, it sold to Daniel and Michelle Lawson the subject Ford F-150 and that the F-150 was then, and continued to be, in a defective condition and was unreasonably dangerous when put to a reasonably anticipated use. The specific defects alleged in plaintiffs' Amended Petition include the design and manufacture of the front passenger restraint system, and the roof and supporting structures. Plaintiffs also allege that there was no adequate warning given to consumers and occupants regarding the F-150's defective nature; and that the F-150 did not contain known and available technologies, including side curtain airbags,

pretensioners for seatbelts, and roof structure support to prevent collapse during a rollover event, that would have prevented the enhanced injuries received in this cause had such technologies been incorporated.

In Missouri, any one in the chain of commerce who sells a product in a defective condition unreasonably dangerous to the user or consumer is subject to liability for injury to the user. Peters v. General Motors Corp., 200 S.W.3d 1, 16-17 (Mo. Ct. App. 2006) (citing Mo. Rev. Stat. § 537.760; Keener v. Dayton Elec. Mfg. Co., 445 S.W.2d 362, 364 (Mo. 1969)). "To prevail under the doctrine of strict liability in tort, the plaintiff must prove that the product was defective and dangerous when put to a reasonable use anticipated by the manufacturer and that the plaintiff sustained damage as a direct result of the defect." Id. (citing Blevins v. Cushman Motors, 551 S.W.2d 602, 607 (Mo. banc 1977)). In Missouri, "[s]ufficient circumstantial evidence will support a jury verdict in a products liability case." Id. (citing Daniel v. Indiana Mills & Mfg., Inc., 103 S.W.3d 302, 309 (Mo. Ct. App. 2003)). Contrary to defendants' assertion here, expert testimony is not required for a submissible case of product defect. Tune v. Synergy Gas Corp., 883 S.W.2d 10, 14 (Mo. banc 1994); Wadlow by Wadlow v. Lindner Homes, Inc., 722 S.W.2d 621, 624-25 (Mo. Ct. App. 1986); Duke v. Gulf & W. Mfg. Co., 660 S.W.2d 404, 410 n.3 (Mo. Ct. App. 1983) (citing cases).

In Wadlow by Wadlow v. Lindner Homes, Inc., 722 S.W.2d

621 (Mo. Ct. App. 1986), plaintiffs filed a negligence and products liability action in the Circuit Court of the City of St. Louis, Missouri, against defendants Lindner Homes, Donald Lindner, Herrin Welding Service, and General Motors Corporation. Neither the plaintiffs nor defendants Lindner Homes, Donald Lindner or Herrin Welding were residents of the City of St. Louis. Venue in the City was premised only upon allegations that defendant General Motors had a regular business office in the City and conducted part of its business from that office. Challenging this venue, defendant Lindner Homes argued to the court that plaintiffs fraudulently joined General Motors as a defendant to the cause for the sole purpose of attaching venue in the City of St. Louis, as demonstrated by there being "no factual basis . . . to support an honest belief on plaintiffs' part that they had a cause of action against General Motors." Id. at 624. To support this argument, Lindner Homes referred to plaintiffs' failure to identify qualified experts to testify to the causal connection between the alleged defective design and the accident. Lindner Homes argued that without qualified experts, "there was no reason for anyone, including plaintiffs, to believe that there was available evidence of either strict or negligence liability on the part of General Motors." Id. The court of appeals affirmed the trial court's determination not to dismiss General Motors as a defendant for fraudulent joinder, finding specifically that "the existence of a product defect may be inferred from circumstantial evidence with or

without the aid of expert opinion evidence." Id. at 625.

Likewise, in Tune v. Synergy Gas Corp., 883 S.W.2d 10 (Mo. banc 1994), the Missouri Supreme Court expressly rejected a proposed "over-inclusive rule," similar to the position defendants take here, "requiring expert testimony to establish product defect or unreasonable danger in every design defect or failure to warn case." Id. at 14. In rejecting this proposed rule, the Missouri Supreme Court observed that the defendant-supplier "concede[d] that under current Missouri law expert testimony is not necessarily required to establish product defect or unreasonable danger." Id. (citing Nesselrode v. Executive Beechcraft, Inc., 707 S.W.2d 371, 378 (Mo. banc 1986); Wadlow, 722 S.W.2d at 625). This Court's exhaustive research shows the then-current law as articulated by the Missouri Supreme Court in Tune to remain the "current Missouri law."

Unlike the defendants in Tune, the defendants here do not concede the current state of Missouri law. Instead, defendants appear to urge this Court to adopt "[a] body of case law from other jurisdictions" that consistently holds expert testimony to be required in the circumstances presented here.[2] (Defts.' Oppos. to Mot. to Remand at p.5 n.5.) Because Missouri law is well settled in this regard, the undersigned declines to look to other

---

[2]In this regard, defendants cite cases applying the laws of Pennsylvania, Kentucky, Wisconsin, New Jersey, and Tennessee. (See Defts.' Oppos. to Mot. to Remand, p.5 n.5.)

jurisdictions for guidance.[3]

The undersigned notes that while it cannot predict whether plaintiffs can recover on the substance of their claims against Dave Sinclar Ford without relevant expert testimony, there nevertheless exists a reasonable basis under Missouri law upon which to find that plaintiffs may recover on their claims. See Filla, 336 F.3d at 811 (in determining fraudulent joinder on motion to remand, Court's "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved."). In addition, the undersigned determines it to reasonably be within the province of Missouri courts to resolve in the first instance whether, under the facts alleged, plaintiffs present sufficient evidence — with or without expert testimony — to establish their claim of product defect against Dave Sinclair Ford.

Therefore, on the facts as alleged by plaintiffs in their Amended Petition and given the present state of Missouri law, the

---

[3]To the extent defendants cite Missouri law, the cases cited do not stand for the proposition proffered by the defendants that expert testimony is required to make a submissible case in a products liability action. For example, in Dorman v. Bridgestone/Firestone, Inc., 992 S.W.2d 231 (Mo. Ct. App. 1999), the Missouri Court of Appeals held that in a strict liability product defect case, a plaintiff meets his burden of proving causation "by providing competent expert testimony or additional evidence that the defendant's product was a substantial factor in causing the injury[.]" Id. at 237 (emphasis added). In Peters v. General Motors Corp., 200 S.W.3d 1 (Mo. Ct. App. 2006), the Missouri Court of Appeals held that "[s]ufficient circumstantial evidence will support a jury verdict in a products liability case." Id. at 17. Although expert testimony was provided in the case, the court of appeals did not hold that it was required.

undersigned determines there to be a reasonable basis in fact and law supporting plaintiffs' claims against the resident defendant. As such, defendants deBoer Transportation and Abshier's claim of fraudulent joinder fails. Filla, 336 F.3d at 810. Whether plaintiffs will ultimately succeed or fail on their claims "is best left to the Missouri courts." Id. at 811.

Accordingly, for all of the foregoing reasons, defendants have failed to demonstrate to the Court that resident defendant Dave Sinclair Ford was fraudulently joined to the instant cause of action. Inasmuch as complete diversity of citizenship is lacking, this Court lacks jurisdiction over the cause and plaintiffs' Motion to Remand should be granted. Upon consideration of the basis upon which defendants removed the matter to this Court, the well settled Missouri law governing the issue raised, the stage of the proceedings at the time of removal, and the parties' respective positions, the undersigned determines in its discretion that an award of attorney's fees and costs is warranted in the circumstances. 28 U.S.C. § 1447(c).

Therefore,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand (Doc. #13) is granted.

**IT IS FURTHER ORDERED** that this cause is hereby remanded to the Circuit Court of St. Louis County, Missouri, for all further proceedings.

**IT IS FURTHER ORDERED** that all motions which remain

pending in this cause are denied without prejudice to be refiled, if appropriate, in State court.

**IT IS FURTHER ORDERED** that, not later than **May 22, 2009**, plaintiffs shall submit to the Court a statement of their costs and any actual expenses, including attorney's fees, incurred as a result of this improvident removal.

_/s/ Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this _11th_ day of May, 2009.