UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL H. LAWSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:09CV250 FRB |
| ) | |
| DEBOER TRANSPORTATION, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiffs' application for attorney's fees and expenses (Docket No. 37) submitted in response to this Court's Memorandum and Order of May 11, 2009, in which the Court determined to award plaintiffs their attorney's fees and costs incurred as a result of defendants deBoer Transportation, Inc., and Elmer Royce Abshier, Jr.'s improvident removal of the cause from state court. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

In a removed action subsequently remanded to state court, the order of remand "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In this Court's order of remand, the Court determined that such an award of fees and costs

was warranted in this case,[1] and directed plaintiffs to submit a statement of their costs and any actual expenses, including attorney's fees, incurred as a result of defendants' improvident removal. Plaintiffs have complied with this directive and now request an award of attorney's fees totaling $23,670.00, representing fees incurred by the law firm of Curtis, Heintz, Garrett & O'Keefe, P.C., in the amount of $19,440.00; incurred by the law firm of Langdon & Emison, in the amount of $2,350.00; and incurred in relation to subsequent submissions regarding attorney's fees, in the amount of $1,880.00.

Although § 1447(c) permits recovery of attorney's fees as "actual" expenses incurred "as a result of the removal," the fees must nevertheless be reasonable. Huffman v. Saul Holdings Ltd. P'ship, 262 F.3d 1128, 1135 (10th Cir. 2001); Albion Pacific Prop. Res., LLC v. Seligman, 329 F. Supp. 2d 1163, 1165-66 (N.D. Cal. 2004). In determining a reasonable fee, the "most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Albion Pacific, 329 F. Supp. 2d at 1166-69 (applying Hensley standard of reasonableness in awarding fees under § 1447(c)).

"[T]he fee applicant bears the burden of . . . documenting the appropriate hours expended and hourly rates."

---

[1] In a separate Order entered this date, the Court denied defendants' request for relief from this determination.

Hensley, 461 U.S. at 437; see also H.J., Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991). Documentation which is so inadequate so as to preclude any meaningful determination as to whether counsel's time was excessive, redundant, unrelated, or otherwise unnecessary may warrant a reduction in the amount of fees requested. H.J., Inc., 925 F.2d at 260. Such a reduction in fees has been found to be warranted where counsel's use of "block billing" fails to delineate the amount of time spent on specified tasks. See Houghton v. Sipco, Inc., 828 F. Supp. 631, 643-44 (S.D. Iowa 1993), and cases cited therein, vacated on other grounds, 38 F.3d 953 (8th Cir. 1994). A court's reduction of fees on this basis is justified inasmuch as such record keeping renders it "virtually impossible for the court to determine whether the time spent on any specific function was reasonable." Id.

The records submitted by plaintiffs' counsel here include block billing and vague references to the nature of the work involved, making it difficult for the Court to determine whether certain time recorded was for work expended "as a result of the removal" or otherwise in the general litigation of the matter, whether time spent on any particular function was necessary and reasonable, and to what extent the time recorded was for duplicitous or redundant work. In addition, although fees for work performed on an application for attorney's fees are recoverable, Pawlak v. Greenwalt, 713 F.2d 972 (3d Cir. 1983) (citing Jorstead

v. IDS Realty Trust, 643 F.2d 1305 (8th Cir. 1981)), counsel's non-specific and unverified request for $1,880.00 in fees incurred subsequent to their initial submission suffers these same infirmities.[2]

Upon careful examination of the records in toto, the undersigned determines $9,265.00 to be a reasonable fee which represents the time unequivocally expended by plaintiffs' counsel as a result of defendants' improvident removal of the cause to this Court. Such fees shall be apportioned and paid to the law firm of Curtis, Heintz, Garrett & O'Keefe, P.C., in the amount of $7,700.00; and to the law firm of Langdon & Emison, in the amount of $1,565.00.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs Submittal of Attorney's Fees and Expenses (Docket No. 37) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that plaintiffs shall recover of defendants deBoer Transportation, Inc., and Elmer Royce Abshier, Jr., reasonable attorney's fees in the amount of Nine Thousand, Two Hundred Sixty-Five Thousand and 00/100 Dollars ($9,265.00), with such fees to be apportioned and paid to the law firm of Curtis, Heintz, Garrett & O'Keefe, P.C., in the amount of Seven Thousand,

---

[2]Plaintiffs make this request in their Reply to Defendants' Objection to Response in Opposition to Plaintiff's Submittal of Attorney's Fees and Expenses (Docket No. 39).

Seven Hundred and 00/100 Dollars ($7,700.00); and to the law firm of Langdon & Emison, in the amount of One Thousand, Five Hundred Sixty-Five and 00/100 Dollars ($1,565.00).

_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this  _9th_  day of December, 2009.